UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:09-cv-00511-JSM-EAJ

A. JOSEPH RAETANO,

    Plaintiff,

vs.

SOKOL SHEHU and FATBARDH SHEHU,

    Defendants.

_____/

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** came before the Court on the Plaintiff's Motion for Entry of Judgment After Default, and the Court having considered the motion, having reviewed the pleadings, papers and supporting declaration filed herein, being otherwise duly advised in the Premises, it is hereby

**FOUND, ORDERED AND ADJUDGED** as follows:

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, for Plaintiffs' claims arising under 28 U.S.C. §§12181, *et seq.*, based upon Defendant's violation of Title III of 42 U.S.C. §§ 12182, *et seq.*

2. Defendant is the owner and operator of the real property and improvements which are the subject of this action (hereinafter, the "Facility").

3. Defendant has discriminated against the Plaintiff, who is an individual with a disability, by denying full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the subject Facility as provided by 42 U.S.C. §§12182, *et seq.*, and by failing to remove architectural barriers and thereby providing Plaintiff appropriate

access to the subject Facility, as required by 42 U.S.C. §12182(b)(2)(A)(iv). Specifically, the Court finds as follows:

**Parking**

a) As set forth within the Complaint, there are an insufficient amount of accessible parking spaces, in violation of 4.1.2 and 4.6.1 of the ADAAG. The existing parking spaces are inaccessible, in part, because there is no accessible route from the parking areas to the facility in violation of 4.3.2, 4.6.2 and 4.6.3 of the ADAAG. The existing parking spaces are also inaccessible because a parking ramp protrudes into the access aisle and does not meet the requirements of 4.1, 4.6, 4.7, and 4.8 of the ADAAG.

b) Remediation: Defendant shall provide the number of accessible parking spaces to meet the requirements of ADAAG 4.1.2(5)(a). All parking spaces designated as accessible shall comply with ADAAG 4.6.

**Entrance Access and Path of Travel**

a) There is not at least one accessible route complying with 4.3 provided within the boundary of the site to an accessible building entrance in violation of 4.1.2.1 of the ADAAG. The existing route is inaccessible because, *inter alia*, the route from the street is in the vehicular way, there is not an accessible ramp to the raised walkway in front of the building, and the doors at the facility are inaccessible, in violation of 4.13.5 and 4.13.6 of the ADAAG

b) Remediation: Defendant shall provide an accessible route throughout the Facility and to and from all public areas, spaces and elements. The accessible route shall comply with ADAAG 4.3 and 4.13.

**Restrooms**

a) The restrooms within the Facility are inaccessible and lack the required disabled use elements, in violation of several Sections of the ADAAG. The restrooms are inaccessible because they lack sufficient maneuvering clearances, clear floor space and turning space for a wheelchair. ADAAF 4.22. The water closet (toilet) does not have sufficient space for a wheelchair, the toilet lacks grab bars, and the toilet paper dispenser is inaccessible. ADAAG 4.22 (toilet rooms), 4.16 (water closets) and 4.26 (grab bars). The lavatories (sinks) are inaccessible due to, among other things, a pedestal beneath the cabinets that prevents a person using a wheelchair from wheeling underneath the lavatory. ADAAG 4.19.

b) Remediation: Defendant shall provide fully accessible restrooms within the Facility meeting the requirements of ADAAG 4.22 and to the extent toilet stalls are provided, ADAAG Figure 30(a), 30(a-1) or Florida Accessibility Code Figure 30(e).

2

4. Defendant shall have three (3) months from the date that this Order is entered to complete the alterations and modifications to the Facility required hereby. Upon completion, Defendant shall file a verified certificate of completion with the Court acknowledging that all work has been complete. The time period for completion by Defendant shall be subject to acts of God, *force majeure*, or events beyond the control of Defendant such as inability to obtain building or zoning permits, failure of the city/ county inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the barrier removal, alterations and modifications provided in Paragraph 1 will be extended by the number of days reasonably attributable to such delay-causing event as long as Defendant immediately files a motion with the Court for an extension of time, before the expiration of the deadline to comply, and provides written notice to Plaintiff, which includes the specific reasons for the delay, the estimated time for completion and Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. The Court finds that Plaintiff is the prevailing party, and that Plaintiff is therefore entitled to recover their reasonable attorneys' and expert's fees, litigation expenses and costs from Defendant, and this Court retains jurisdiction for the determination and award thereof.

ORDERED in Tampa, Florida, this 2 day of Nov. , 2009.

_____
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
Defendants

3